**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HECK'S, INC., Respondent.**

No. 11391.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1967.

Decided Dec. 7, 1967.

Burton L. Raimi, Attorney, N.L.R.B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Herman M. Levy, Attorney, N.L.R.B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

1. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

John R. WILVER and C. W. Holmes, Appellants,

v.

Gerda Wootten FISHER, Appellee.

No. 9463.

United States Court of Appeals Tenth Circuit.

Dec. 15, 1967.

Burton L. Raimi, Attorney, N.L.R.B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Herman M. Levy, Attorney, N. L. R. B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

Before BOREMAN and BUTZNER, Circuit Judges, and WOODROW W. JONES, District Judge.

PER CURIAM:

Examination of the record as a whole reveals a substantial factual basis to support the Board's determination that the Company violated section 8(a) (1) of the National Labor Relations Act, 29 U.S. C.A. § 158(a) (1), in the manner in which it individually polled its employees to determine if, in fact, the union had attained majority representation. The record sustains the Board's finding that its approved procedure in such circumstances was not followed in that the company representatives conducting the poll gave no assurances that there would be no reprisals against the employees regardless of their answers to company interrogators concerning union affiliation and membership. See Blue Flash Express, 109 N.L.R.B. 591. We agree that under these circumstances the poll created an "aroma of coercion" condemned by the Act. Joy Silk Mills v. N. L. R. B., 87 U.S.App.D.C. 360, 185 F.2d 732, 740 (1950), cert. denied, 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350 (1951). Therefore, the Board's order will be enforced.

Enforcement granted.